**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHRISTOPHER YATES**,

                Petitioner,

**v.**

**UNITED STATES OF AMERICA,**

                Respondent.

**CIVIL ACTION NO.: 3:20-CV-110
CRIMINAL ACTION NO.: 3:19-CR-19
(GROH)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 29, 2020, *pro se* Petitioner Christopher Yates filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 116.[1] Due to deficient pleading, Petitioner re-filed his Motion on September 21, 2020, using the court-approved form, along with attached memorandum and exhibits. ECF No. 130. Because Petitioner's claims of ineffective assistance of counsel are without merit, the undersigned recommends that the Motion to Vacate, Set Aside or Correct Sentence be DENIED and DISMISSED WITH PREJUDICE.

### II.   FACTUAL AND PROCEDURAL HISTORY

#### A.   Petitioner's Conviction and Sentence

On March 19, 2019, Petitioner was indicted and charged with four counts related to the theft, possession, and sale of firearms taken from an ATF facility. ECF No. 23. Pursuant to a plea agreement [ECF No. 72] reached with the Government, Petitioner

---

[1] All CM/ECF references refer to Criminal Action No. 3:19-CR-19.

entered a guilty plea on April 24, 2019 to Count Two, Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and Count Four, Theft of Government Property, in violation of 18 U.S.C. § 641. ECF No. 70. Count Two and Count Four each carry a statutory maximum term of imprisonment of ten years (120 months), three years of supervised release, and a $250,000 fine. ECF No. 93 at 23.

The Presentence Investigation Report ("PSR") established a guideline imprisonment range of 168 to 210 months based on the total offense level of 35 and criminal history category of I. ECF No. 93 at 23. Petitioner's attorney, Kevin D. Mills ("Counsel"),[2] and Petitioner certified that they had read, understood, and fully approved of each paragraph and provision of the PSR. Id. at 34. On August 26, 2019, the district court sentenced Petitioner to 120 months for Count Two and a consecutive sentence of 48 months for Count Four as well as three years of supervised release for both Counts to be served concurrently. ECF No. 94.

### B.    Appeal

On September 17, 2019, Petitioner filed a notice of appeal. ECF No. 96. Petitioner's Counsel, Shawn McDermott, filed an Anders brief stating that there were no meritorious grounds for appeal but identified the validity of the guilty plea and the reasonableness of the sentence as issues for review. ECF No. 107 at 2. Petitioner filed a supplemental pro se brief claiming ineffective assistance of counsel and that the plea was not supported by a factual basis. Id. Following a review of the record, the Fourth Circuit held that: (1) the district court complied with Rule 11 procedure in accepting Petitioner's

---

[2] On March 22, 2019, Kevin D. Mills, Esq. filed a Notice of Appearance for the law firm of MillsMcDermott as Counsel for Petitioner. ECF No. 39. Kevin D. Mills and Shawn McDermott are attorneys with MillsMcDermott, both of whom made appearances on behalf of Petitioner prior to the filing of this Motion.

guilty plea; (2) Petitioner entered the plea knowingly and voluntarily; (3) the plea was supported by sufficient factual basis; and (4) Petitioner's sentence was procedurally and substantively reasonable. Id. at 2-3. The Fourth Circuit also noted that Petitioner's claims of ineffective assistance were not cognizable on direct appeal because the record did not conclusively show ineffective assistance. Id. at 3.

### C.    Petitioner's § 2255 Motion

In his § 2255 Motion, Petitioner asserts seven grounds of Ineffective Assistance of Counsel. ECF No. 130.

First, Petitioner claims that because his vehicle was unconstitutionally seized, Counsel's assistance was ineffective when he failed to move to suppress the evidence illegally recovered from inside the vehicle. ECF No. 130 at 5, 15. He contends that had Counsel moved to suppress, the district court would have granted the motion and Petitioner would then have never pled guilty to Count Two. Id.

Second, Petitioner argues that because he "never intended to deprive the Government of the use and benefit of the firearms," he did not violate 18 U.S.C. § 922(j). ECF No. 130 at 15. Accordingly, Counsel's advice to enter a guilty plea for an offense of which Petitioner was "actually innocent" constituted ineffective assistance. Id.

Third, Petitioner similarly claims that because he never intended to deprive the Government of the use and benefit of the property or caused actual property loss, he is innocent as to Theft of Government Property (18 U.S.C. § 641), and Counsel therefore should not have advised him to enter a guilty plea for Count Four. ECF No. 130 at 8, 15.

Fourth, Petitioner claims that because both Counts involved the same conduct and amount to multiple punishments in violation of the Fifth Amendment, Counsel should not have advised Petitioner to plead guilty to both Counts. ECF No. 130 at 10.

Fifth, Petitioner claims that he was denied effective assistance of counsel because Counsel did not move to suppress evidence subsequently recovered from his unlawfully seized cell phone. ECF No. 130 at 16.

Sixth, Petitioner asserts that his plea was entered unknowingly and involuntarily based "solely on Counsel's ineffective assistance in counseling the plea." Id.

Finally, Petitioner claims that "Counsel's ineffective assistance resulted in a procedurally and substantively unreasonable sentence." ECF No. 130 at 17.

The Government filed a Response on November 2, 2020, arguing that each of Petitioner's grounds for ineffective assistance of counsel is without merit and fail to meet the standard established in Strickland v. Washington. ECF No. 133 at 6.

Petitioner filed a Reply on December 21, 2020, along with attached exhibits, requesting an evidentiary hearing or a grant of the § 2255 Motion. ECF No. 138.

### III.    LEGAL STANDARD

A petitioner collaterally attacking his sentence or conviction bears the burden of proving by preponderant evidence: (1) that his sentence or conviction was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence exceeded the maximum authorized by law; (4) or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). If the petitioner satisfies that burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). "However, if the motion, when viewed

against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Beyle v. United States, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017). The court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### IV.   ANALYSIS

In his § 2255 Motion, Petitioner asserts Ineffective Assistance of Counsel with seven supporting grounds.[3] ECF No. 130.

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 689 (1984). In Strickland, the Supreme Court established a two-prong test to determine whether counsel's assistance was constitutionally ineffective so as to require reversal of conviction. Id. at 687.

Under the first ("performance") prong, the petitioner must demonstrate that his "counsel's performance was deficient," that is, falling below an objective standard of reasonableness measured by "prevailing professional norms." Strickland, 466 U.S. at 687-88. Counsel has "wide latitude" to make tactical decisions for the client and "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Under the second ("prejudice") prong, the petitioner "must show that the deficient performance prejudiced the defense" to the extent that "counsel's errors were so serious

---

[3] While the Court notes that Petitioner's first five grounds alleged that Petitioner "was denied effective assistance of counsel during the trial *and appellate* stages," the substance of Petitioner's arguments only address Counsel's actions or lack thereof at the plea and sentencing stages. Therefore, the Court will do the same and only address claims of ineffective assistance at the plea and sentencing stages.

as to deprive the defendant of a fair trial." <u>Strickland</u>, 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Id.</u> at 691. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694.

The Fourth Circuit has recognized that if a petitioner "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and *vice versa* because the petitioner must satisfy both. <u>Fields v. Att'y Gen. of Md.</u>, 956 F.2d 1290, 1297 (4th Cir. 1992). "Unsubstantiated and largely conclusory statements are insufficient to carry a petitioner's burden as to the two prongs of this test." <u>Id.</u>

### A.   Ground One: Failure to Move to Suppress Firearms in Vehicle

Petitioner claims that because his vehicle was unconstitutionally seized in violation of the Fourth Amendment, Counsel's assistance was ineffective when he failed to move to suppress the evidence recovered from inside the vehicle. ECF No. 130 at 5, 15. Had Counsel moved to suppress, according to Petitioner, the district court would have granted the motion, and Petitioner would never have pled guilty to Count Two. <u>Id.</u>

On March 1, 2019, Agents arrested Petitioner pursuant to an arrest warrant and subsequently seized his vehicle. ECF No. 72 at 5. According to Petitioner's affidavit, Petitioner was sitting in his truck in a bank parking lot when agents arrested him. ECF No. 138-1 at 2-3. Law enforcement subsequently towed the truck to an impound lot to secure it. ECF No. 133 at 6. While the car was in the possession of the Government, Petitioner

6

consented to a search of the vehicle and advised Agents there would be firearms in the vehicle. ECF No. 72 at 5. Based on Petitioner's consent and the need to inventory, Agents searched Petitioner's vehicle and recovered five firearms. Id.

Police do not violate the Fourth Amendment when they impound a vehicle to protect it or to remove a nuisance after arresting the driver away from his home. Cabbler v. Superintendent, Virginia State Penitentiary, 528 F.2d 1142, 1146 (4th Cir. 1975). Here, Petitioner was arrested away from his home while sitting in his vehicle at a bank parking lot. Accordingly, law enforcement had a valid need to impound the vehicle, which was not searched until law enforcement obtained Petitioner's consent.

Furthermore, in Glover, the Fourth Circuit held that even assuming the initial impoundment of the vehicle resulted from an illegal seizure, evidence later obtained from the impounded vehicle was not tainted by the initial illegality so long as probable cause later developed from information acquired independent of the seizure that justified a constitutional search of the vehicle. United States v. Glover, 9 F. App'x 167, 170-72 (4th Cir. 2001).

Here, Petitioner gave law enforcement his consent to search the vehicle the day after his arrest, which is one means of constitutional search. See Fernandez v. California, 571 U.S. 292, 298 (2014) (internal citations omitted) (stating that "consent searches are part of the standard investigatory techniques of law enforcement agencies and are a constitutionally permissible and wholly legitimate aspect of effective police activity"). Accordingly, the motion to suppress would have failed because the firearms were discovered pursuant to a constitutional search derived from the consent and information of the Petitioner. Petitioner fails to demonstrate that his counsel's performance fell below

an objective standard of reasonableness as there was no legal basis to file a motion to suppress. Consequently, there was no prejudice to Petitioner as a futile motion to suppress would not have changed the outcome of his case.

**B.    Grounds Two and Three: Counsel Erred in Advice to Plead Guilty to Counts Two and Four due to Petitioner's Innocence.**

Second, Petitioner argues that because he "never intended to deprive the Government of the use and benefit of the firearms," he did not violate 18 U.S.C. § 922(j). ECF No. 130 at 15. Accordingly, Counsel's advice to enter a guilty plea for Count Two, an offense of which Petitioner was "actually innocent," constituted ineffective assistance. Id. As for his third ground, Petitioner similarly alleges that because he never intended to deprive the Government of the use and benefit of the property or caused actual property loss, he is innocent as to Count Four, and Counsel's assistance was therefore ineffective in advising him to plead guilty to Count Four. Id. at 8, 15. Petitioner fails to show that Counsel's performance was deficient in the plea process.

The merits of Petitioner's argument, that he lacked the requisite intent or knowledge to be guilty of Counts Two and Four, is plainly contradicted by Petitioner's admissions to the relevant conduct for both charges in his plea agreement [ECF No. 72] and during his plea hearing. ECF No. 79 at 41-43.

Additionally, at Petitioner's Change of Plea Hearing, the Court read the statutory text as well as the elements that the Government would have to prove at trial. As for Count Two of the Indictment,

THE COURT: … the Government would have to prove the following elements of Title 18, United States Code, Section 922(j) against you beyond a reasonable doubt. First, you possessed a firearm; second, the firearm had been transported in interstate commerce; and, third, you knew or had

reasonable cause to believe the firearm was stolen. Mr. Yates, do you understand the elements of the statute under which you've been charged?
THE DEFENDANT: Yes, sir.
THE COURT: Mr. Yates, considering those definitions, do you consider yourself to be guilty of violating Title 18, United States Code, Section 922(j)?
THE DEFENDANT: Yes, sir.

ECF No. 79 at 27-28.

As for Count Four of the Indictment,

> THE COURT: … the Government would have to prove the following elements of Title 18, United States Code, Section 641 against you beyond a reasonable doubt. First, you stole or converted property; second, that the property belonged to the United States; third, that you did so knowingly with the intent to deprive the United States of ownership; and, fourth, the value of the money or property was in excess of $1,000. Sir, do you understand the elements of Title 18, United States Code, Section 641?
> THE DEFENDANT: Yes, sir.
> THE COURT: Now, considering those definitions, Mr. Yates, do you consider yourself guilty of violating [18 U.S.C. § 641]?
> THE DEFENDANT: Yes, sir.

ECF No. 79 at 28-29.

Petitioner was made aware that the Government would have to prove that he had reasonable cause to believe the firearm was stolen for Count Two and that he stole the property and intended to deprive the United States of ownership for Count Four.[4] Petitioner affirmed that he understood these knowledge and intent elements and proceeded to plead guilty to both offenses, admitting there was a factual basis for each. If Petitioner was "actually innocent" as he claims, it was his prerogative to not plead guilty and go to trial, arguing lack of knowledge or intent. However, Petitioner has presented no

---

[4] Though the components and firearms taken by Petitioner were intended to later be destroyed as Petitioner notes, the stolen materials were nonetheless still (unabandoned) property of the Government located inside a federal facility. A property owner has the sole right to decide how the property is used and who may use it. A property owner likewise has the sole right to choose to destroy the property. By taking the property from a federal facility, Petitioner deprived the Government of its right to destroy the property and benefits of having the firearms and components out of public circulation.

evidence of this alleged "innocence." On the other hand, the Government had ample evidence to convict on both charges, and Petitioner admitted to taking government property and selling it at the plea hearing. ECF No. 79 at 42-43.

Petitioner fails to demonstrate that his Counsel's performance fell below an objective standard of reasonableness as Petitioner testified that he was guilty of Counts Two and Four of the Indictment at both the Change of Plea hearing and at sentencing, and the Government's factual basis supported that guilty plea. Further, if he had gone to trial and been convicted, Petitioner would have been exposed to a greater sentence. Consequently, Petitioner suffered no prejudice and has failed to meet either prong of the Strickland test.

### C.    Ground Four: Double Jeopardy

Petitioner claims that because both Counts involved the same conduct and amount to multiple punishments in violation of the Fifth Amendment (double jeopardy), Counsel should not have advised Petitioner to plead guilty to both Counts. ECF No. 130 at 10.

The Blockburger "same-elements" test is used by courts to determine whether two offenses are the same for double jeopardy purposes. Whittlesey v. Conroy, 301 F.3d 213, 217 (4th Cir. 2002) (citing Blockburger v. United States, 284 U.S. 299 (1932)). In this test, the court inquires as to "whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment." Id. (citing United States v. Dixon, 509 U.S. 688, 696 (1993)).

The elements for 18 U.S.C. § 922(j), Count Two, are: (1) Defendant possessed a firearm; (2) the firearm had been transported in interstate commerce, and (3) Defendant knew or had reasonable cause to believe the firearm was stolen. United States v. Davis,

10

714 F.3d 809, 814 (4th Cir. 2013); ECF No. 79 at 27. The elements for 18 U.S.C. § 641, Count Four, are: (1) Defendant stole or converted property; (2) the property belonged to the United States; (3) Defendant did so knowingly with the intent to deprive the United States of ownership; and (4) the value of the money or property was in excess of $1,000. U.S. v. Pleger, 104 Fed. Appx. 346 (4th Cir. 2004); ECF No. 79 at 29.

It is obvious that § 922(j) and § 641 each contain different elements that are not contained in the other. In fact, none of the elements are the same. Count Two deals with the possession and transportation of a stolen firearm through interstate commerce whereas Count Four concerns the actual theft of United States property. Therefore, per the Blockburger test, Petitioner's multiple convictions and punishments did not violate double jeopardy. Petitioner fails to demonstrate that his Counsel's performance fell below an objective standard of reasonableness as these are different offenses, and there is no valid double jeopardy claim in this case. Consequently, Petitioner suffered no prejudice and again has failed to meet either prong of the Strickland test.

### D.    Ground Five: Failure to Move to Suppress Evidence from Cell Phone

Petitioner next claims that he was denied effective assistance because Counsel did not move to suppress evidence subsequently recovered from his "unlawfully seized" cell phone, and that such a motion would have succeeded, resulting in Petitioner never pleading guilty. ECF No. 130 at 16.

Petitioner contends that his cell phone was unlawfully seized on February 27, 2019. ECF No. 130 at 16. But he also concedes in his Motion (within ground seven) that on February 28, 2019, a day before his arrest, he "*voluntarily handed over his cell phone, his cell phone password, and gave consent to [the] ATF to search his phone.*" Id. at 18.

11

Therefore, by his own unequivocal admission, Petitioner was still in possession of his phone on February 27 before his arrest, and on February 28, he voluntarily handed the phone over and gave the agents consent to access information from it. On these facts, there is no unlawful seizure or search, and the motion to suppress would have been assuredly denied. Thus, Counsel's decision to not move to suppress in this case was a reasonable one, and Counsel was not deficient in his performance. As Petitioner cannot meet the performance prong of Strickland, this Court need not consider the prejudice prong.

      **E.      Ground Six: Failure to Investigate the Case and Erroneous Advice that Led to Involuntary Plea**

Sixth, Petitioner asserts that his plea was entered unknowingly and involuntarily based "solely on Counsel's ineffective assistance in counseling the plea." ECF No. 130 at 16. Petitioner notes that Counsel failed to investigate his case leading him to advise Petitioner to enter a guilty plea that contradicted the truth and accuracy of the case. Id.

"A guilty plea does not bar collateral review of allegations of *ineffective assistance of counsel* in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea." Fields, 956 F.2d at 1296. Where, as here, "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields, 956 F.2d at 1299. "In the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted

Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted).

First, during his plea colloquy, Petitioner was asked whether his guilty plea was lawful and voluntary, and Petitioner agreed that it was. ECF No. 79 at 51, 55-56. He was then asked whether any person forced, threatened, coerced, or intimidated Petitioner, or talked him into entering a guilty plea against his will, to which he replied, "No, sir." Id. at 55. The Court found the plea knowing and voluntary. Id. at 57. On appeal, the Fourth Circuit reviewed the plea hearing for plain error and held that "the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Yates's guilty plea, which Yates entered knowingly and voluntarily." ECF No. 107 at 2.

In his plea agreement, Petitioner agreed to a stipulated facts section and signed each page of the agreement. ECF No. 72. He also testified that every paragraph of the plea agreement was discussed with him prior to entering an agreement with the government. ECF No. 79 at 18-19. He now claims that there were factual inaccuracies in the stipulated facts that allegedly led to higher enhancements, and that he brought those inaccuracies to Counsel's attention before he signed the agreement. ECF No. 130 at 16-17. He contends that he agreed to sign the plea agreement containing the alleged factual inaccuracies solely because Counsel told him that the factual basis could be argued at sentencing. Id. Petitioner claims that he would not have accepted this plea absent Counsel's misrepresentation of the ability to later challenge the stipulated facts at sentencing. Id.

Despite these assertions, the fact that Petitioner made a revision to the stipulations in the signed plea agreement by crossing out the word "stolen" and replacing it with "many

of which were stolen," evinces Petitioner's careful consideration and acceptance of the revised stipulated facts. ECF No. 72 at 4. Also, contrary to Petitioner's assertion, this change benefited him by attributing less stolen firearms to Petitioner. Moreover, neither Counsel nor Petitioner objected to the adopted stipulated facts in the PSR when given the opportunity to do so.[5]

Next, Petitioner was not prejudiced by Counsel's alleged error because the Court advised Petitioner of the significance of the stipulations during the plea hearing, and Petitioner decided to voluntarily proceed.

> THE COURT: what I'm reading from is what is in your plea agreement and is your stipulation. If you have an issue with the stipulation, you need to address it with counsel. And if counsel needs to address it with the Government as to the contents of the stipulation, then that needs to be done before we can proceed.
> MR. MILLS: May I take one moment, Your Honor?
> THE COURT: Yes, sir.
> MR. MILLS: Your Honor, the defendant understands the plea agreement fully and as it was summarized and now as the court stated. There was a question regarding in his mind the word "virtually" the entire facility. So I explained what that word meant to him.
> THE COURT: Okay.
> MR. MILLS: Thank you.
> THE COURT: And again, Mr. Mills, Mr. Yates, you understand that by reading this stipulation, all I'm doing is reading what you've already agreed to as part of the agreement. If you don't want to agree to it, now would be the time to say we're not agreeing to it.
> MR. MILLS: That's what I tried to explain to Mr. Yates earlier and then again just now. And I think he understands finally fully.

ECF No. 79 at 20-21.

Petitioner was made aware of the procedure and his legal rights. If he did not want to accept the stipulations that he would later be bound by, it was his prerogative to (1) not sign the plea agreement and (2) speak up at the plea hearing about his concerns and

---

[5] Counsel did however raise two factual objections to (non-stipulated) information about Petitioner's personal history. ECF No. 93 at 37.

pause the proceeding. Instead, he signed the plea agreement, the stipulated facts were read aloud to him, and he asked the Court to accept his plea of guilty. Finally, when asked during the plea colloquy whether anyone had promised him or told him something different from what the Court had told Petitioner, in order to induce Petitioner into a guilty plea, Petitioner responded "No, sir." ECF No. 79 at 56.

Moving on, Petitioner next alleges in Ground Six that Counsel failed to investigate aspects of his case before entering his guilty plea, yet at the plea hearing, Petitioner admitted that he was satisfied with his Counsel's representation and that there was no ineffective assistance of counsel.

> THE COURT: Mr. Yates, let me ask you some questions about the representation that you've received. Do you believe that you've had adequate time to discuss your case fully with Mr. Mills?
> THE DEFENDANT: Yes, sir, I do.
> THE COURT: Has he been able to answer your questions about how best to proceed in this case?
> THE DEFENDANT: Yes.
> THE COURT: Is there anything your lawyer has not done which you have asked him to do?
> THE DEFENDANT: Nothing that I know of, sir.
> THE COURT: Well, have you asked him to do something that he hasn't done?
> THE DEFENDANT: No, sir
> THE COURT: Okay. Are you completely satisfied with the legal advice that you've received from Mr. Mills?
> THE DEFENDANT: Absolutely.

ECF No. 79 at 7-8.

> THE COURT: you agree that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct; is that correct, sir?
> THE DEFENDANT: That's true.

ECF No. 79 at 51-52.

Thus, Petitioner's assertion that Counsel's performance was deficient is contradicted by Petitioner's own prior statements on the record. And Petitioner is bound by those statements unless he can provide clear and convincing evidence to the contrary. He does not.

Petitioner's assertion that his counsel failed to investigate is also without merit. In Strickland, the Supreme Court recognized that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. 466 U.S. at 690. Courts are to apply a "heavy measure of deference to counsel's judgments," and when counsel is given reason to "believe that pursuing certain investigations would be fruitless . . . failure to pursue those investigations may not later be challenged as unreasonable." Id. at 691.

Petitioner claims to have requested that Counsel investigate the seizure of his vehicle and alleges that Counsel failed to do so. ECF No. 130 at 17. This allegation directly contradicts Petitioner's answer during the plea colloquy. The Court asked Petitioner "if there was anything your lawyer has not done which you have asked him to do," to which Petitioner responded, "no, sir." ECF No. 79 at 7-8. When given the opportunity, Petitioner failed to raise any issue regarding his Counsel's pursuit of investigations.

In his Motion and Reply, Petitioner states that Counsel told him that he had completed the full and necessary investigation. ECF No. 130 at 17; ECF No. 138-3 at 2. Petitioner then claims that Counsel told him that he did not pursue the seizure investigation because "it was not important to the case." ECF No. 130 at 17. At the plea hearing, the Court asked Counsel if he had adequate time to discover the Government's

case and consider possible defenses to the charges, to which Counsel responded "yes." ECF No. 79 at 8. Counsel made the strategic decision to devote time and effort elsewhere in the case and deference should be given to Counsel's judgment. Evidently, this was not an unreasonable decision, nor did it prejudice Petitioner, given that the potential search and seizure arguments were fruitless.

Petitioner fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness and accordingly cannot satisfy the performance prong under Strickland. Likewise, Petitioner has not shown the requisite prejudice.

### F.      Ground Seven: Failure to Effectively Cross Examine and Failure to Call an Expert Firearms Witness

Finally, Petitioner claims that "Counsel's ineffective assistance resulted in a procedurally and substantively unreasonable sentence." ECF No. 130 at 17. The two allegations of ineffective assistance at sentencing are Counsel's failures to effectively cross examine Agent Cox and call an expert firearm witness. Id. at 18-19.

On appeal, the Fourth Circuit reviewed the sentence for procedural and substantive reasonableness and found no error. ECF No. 107 at 2. Finding the "within-Guideline" sentence both procedurally and substantively reasonable, the Fourth Circuit reasoned that "[t]he district court correctly calculated [Petitioner's] advisory Guidelines range, heard argument from counsel, provided [Petitioner] an opportunity to allocate, considered the § 3553(a) sentencing factors, and sufficiently explained the chosen sentence." Id. at 3. Therefore, to the extent that Petitioner is attempting to relitigate the reasonableness of his sentence, he is issue precluded, and this Court will only address his specific allegations of ineffective assistance at the sentencing stage. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that issues

17

fully considered on direct appeal from conviction may not be recast under the guise of a collateral attack by way of a motion to vacate or correct sentence).

Petitioner first claims that his Counsel was ineffective by failing to effectively cross examine Agent Cox during sentencing. ECF No. 130 at 18. At Petitioner's sentencing hearing, Agent Cox testified that Petitioner was untruthful and unhelpful during the recovery investigation. ECF No. 104 at 104-113. Petitioner claims his attorney failed to adequately challenge the facts surrounding his candor and cooperation with Agent Cox during his investigation. ECF No. 130 at 18.

After a review of the sentencing transcript, the undersigned finds that Counsel performed an adequate cross examination of Agent Cox well within prevailing professional norms and directly addressed issues of Petitioner's truthfulness and cooperation in a light favorable to Petitioner. For example, Counsel asked: "Now, you said that he did not give any helpful information to you in the prosecution of any individuals. Isn't it true that he provided you with his cell phone" and "gave you the password for the cell phone?" ECF No. 104 at 114-15. Counsel goes on to ask "[d]o you recall [Petitioner] saying . . . '[l]ook in my cell phone, if you're interested in who everyone is. That will have the most detailed record.'" Id. at 115. Counsel continued to conduct a thorough cross of Agent Cox at the sentencing hearing, which never fell below an objective standard of reasonableness. Thus, Petitioner cannot satisfy the performance prong of Strickland.

Petitioner further claims that Counsel should have hired an expert witness on firearms to demonstrate what is and what is not a firearm in his case. Petitioner states that had an expert been hired, the number of firearms attributed to Petitioner would have been reduced because the expert would have shown that AR-15 receivers should not be

considered "firearms." ECF No. 130 at 19. In other words, Petitioner claims that AR-15 receivers were erroneously included in the total firearms calculation and this led to a guideline enhancement. The PSR, which was adopted by the district court, found that the offense involved between 100 and 199 firearms, which according to U.S.S.G. § 2k2.1(b)(1), results in an eight-level enhancement. If the district court had found that the offense involved between 25-99 firearms, that would instead have led to a six-level enhancement. U.S.S.G. § 2k2.1(b)(1).

Without including AR receivers in the total guidelines calculation, the total amount of stipulated firearms sold to Adam Schreiber between 2016 and 2019 is at least 130 firearms. See ECF No. 93 at 7, 11. Accordingly, Counsel acted reasonably in his determination not to pursue an expert witness on this issue because such a witness would have no bearing on the ultimate eight-level enhancement and would be a wasted argument. In a similar vein, the failure to hire an expert firearms witness did not prejudice Petitioner because the enhancement would remain the same regardless of whether an expert was able to persuade the court that the receivers are firearm parts rather than firearms. Therefore, Petitioner fails to meet the performance and prejudice prongs of Strickland, and his claim of ineffective assistance at the sentencing stage fails.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF Nos. 1, 4 in 3:20-CV-110; ECF Nos. 116, 130 in 3:19-CR-19] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

DATED: October 8, 2021

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE