**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHRISTOPHER LEE YATES,**

        **Petitioner,**

**v.**                             **CRIMINAL ACTION NO.: 3:19-CR-19
CIVIL ACTION NO.: 3:20-CV-110
(GROH)**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 140.[1] Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Magistrate Judge Trumble recommends that this Court dismiss this §2255 Petition with prejudice. The Petitioner timely filed objections to the R&R. ECF No. 144.

## I. BACKGROUND

        The Petitioner filed a Petition listing seven grounds for relief. ECF No. 130. All seven grounds allege ineffective assistance of counsel. Upon reviewing the record, the Court finds that the background and facts as explained in the R&R appropriately describe

---

[1]  All ECF numbers in this Order refer to Criminal Action Number 3:19-CR-19 unless otherwise noted.

the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts in this Order.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. That said, the Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections waives de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

clear error review." <u>Williams v. New York State Div. of Parole</u>, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." <u>Taylor v. Astrue</u>, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. <u>See</u> <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." <u>Mario</u> 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." <u>Id.</u>; <u>See also</u> Fed. R. Civ. P. 72(b); LR PL P 12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings, the Court finds that the Petitioner has presented no objection to the magistrate judge's R&R regarding grounds one through five in the Petition. The Petitioner's objections are limited to grounds six and seven and not receiving an evidentiary hearing on his Petition. Thus, the Court finds that de novo review is not

required for grounds one through five because the Petitioner's objections present no legal arguments, and the factual presentation was properly considered by the magistrate judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

Turning to the Petitioner's first objection, the Court finds that it should be overruled. In ground six, the Petitioner takes issue with the R&R's reliance upon his in-court statements during his Rule 11 hearing. However, as Magistrate Judge Trumble explained, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (collecting cases). After reviewing the transcript, the Petitioner's Rule 11 hearing was unremarkable. The R&R extensively explains why this argument is without merit. The Petitioner's objections are frivolous. Nothing in the objections demonstrate to the Court clear and convincing evidence contrary to the representations the Petitioner made under oath during his Rule 11 hearing.

The second objection, also within ground six, alleges that counsel failed to adequately investigate the Petitioner's case. As the R&R explains, the Petitioner's testimony, under oath, at his Rule 11 hearing directly contradicts this assertion. The Court asked the Petitioner whether there was anything he asked his lawyer to do that his lawyer had not done. The Petitioner responded in the negative. Petitioner's objection completely misses the mark. For example, the Petitioner claims that the Supreme Court "has unequivocally declared that a thorough and complete mitigation investigation is absolutely necessary." Rompilla v. Beard, 545 U.S. 374, 378 (2005). The Supreme Court did say this, but it was in the context of death penalty cases. This is not a death penalty case.

4

The Petitioner's third objection contends that the "recommendation does not, yet must, rule on the facts surrounding Agent Cox's perjury asserted in Ground Seven, with evidence." ECF No. 144 at 8. The Petitioner relies upon a purported transcription of Agent Cox's debriefing. During this conversation with the Petitioner, Agent Cox tells him several times that he is doing a good job, "keep being honest," and "you have done more than any man." ECF No. 130 at 18; 130-4 at 2-9.

The R&R clearly explained that counsel adequately cross examined Agent Cox during the sentencing hearing. The Petitioner is attempting to rely upon statements Agent Cox made during a debriefing—where he was trying to get information out of the Petitioner for this investigation—as if they were made under oath. It stands to reason that Agent Cox would not be the first, nor the last, investigator to talk nicely to a suspect to obtain more information. That in no way calls Agent Cox's sworn testimony at the sentencing hearing into question. Similarly, counsel cannot be said to have acted ineffectively for his line of questioning—which attempted to demonstrate the Petitioner's cooperation and assistance to the ATF. This Court can find no evidence of perjured testimony based upon the Petitioner's accusations.

Finally, the Petitioner objects to the Magistrate Judge not holding an evidentiary hearing. The relevant statute provides the following:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In this case, the files and records conclusively show that the prisoner is entitled to no relief, so the Magistrate Judge's decision not to hold a hearing was appropriate. Further, the Undersigned also finds a hearing unnecessary.

## IV. CONCLUSION

Finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 140] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in it and this Order. The Petitioner's Motion pursuant to 28 U.S.C. § 2255 is **DENIED** and is **DISMISSED WITH PREJUDICE**. ECF No. 116.

This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

Furthermore, the Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling.'" <u>United States v. McRae</u>, 793 F.3d 392, 397 (4th Cir. 2015) (quoting <u>Slack</u>, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing. The Court declines to issue a certificate of appealability.

      **DATED:** July 11, 2023

                                        GINA M. GROH
                                        UNITED STATES DISTRICT JUDGE